**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DAVID ELLERBY                                    :

    Petitioner                                   :

v                                                :          Civil Action No. CCB-09-363
                                                            (Related Crim. Case: CCB-07-64)

UNITED STATES OF AMERICA            :

    Respondent                               :

o0o

**MEMORANDUM**

The above-captioned Motion to Vacate was filed on February 17, 2009.  (Docket entry No.

143.)  Petitioner David Ellerby seeks to challenge his August 7, 2008 conviction of five counts of

conspiracy to distribute and possess with intent to distribute a controlled dangerous substance.

Petitioner was sentenced on November 14, 2008, and a notice of appeal was filed on November 20,

2008. (Docket entries No. 111 and 113.)  The appeal is still pending with the Fourth Circuit Court

of Appeals.  *See United States v. Ellerby*, No. 80-5165 (4th Cir. 2008).

Absent extraordinary circumstances, the orderly administration of criminal justice precludes

 a district court from considering a § 2255 motion while review of the direct appeal is still pending.

*See* Rules Governing § 2255 Proceedings, Rule 5, advisory committee note; see also *United States*

*v. Gordon*, 634 F.2d 638, 638-39 (1st Cir.1980); *United States v. Davis*, 604 F.2d 474, 484 (7th

Cir.1979).

Petitioner asserts that "the indictment for 26 U.S.C. §7203, commonly identified as a charge

of willful failure to file, is found to be without any claim the defendant had a statutory duty to the

plaintiff and the defendant is therefore not charged with violating any legal requirement imposed

by law."  (Docket entry No. 143 at p. 1.)  The basis for this assertion is unclear, as Ellerby was not

charged with a violation of 26 U.S.C. § 7203.  He also expresses disagreement with the notice given

under 21 U.S.C. § 851 and with certain offenses used to enhance his sentence.  These issues properly

can be addressed on appeal.  None of his arguments present the kind of extraordinary circumstance

that warrants consideration during the pendency of petitioner's appeal.  Accordingly, the motion

shall be dismissed without prejudice by separate order which follows.


    February 25, 2009                                         /s/
Date                                            Catherine C. Blake
                                            United States District Judge