# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID ELLERBY | : | |
| Petitioner | : | |
| v | : | Civil Action No. CCB-10-129 (Related Crim. Case: CCB-07-64) |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

o0o

## MEMORANDUM

The above-captioned Motion to Vacate was filed on January 14, 2010. (Paper No. 164.) Petitioner seeks to challenge his August 7, 2008 conviction of five counts of conspiracy to distribute and possess with intent to distribute a controlled dangerous substance. Petitioner was sentenced on November 14, 2008, and a notice of appeal was filed on November 20, 2008. (Papers No. 111 and 113.) The appeal is still pending with the Fourth Circuit Court of Appeals. *See United States v. Ellerby*, No. 80-5165 (4th Cir. 2008).

Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending. *See* Rules Governing § 2255 Proceedings, Rule 5, advisory committee note; see also *United States v. Gordon*, 634 F.2d 638, 638-39 (1st Cir.1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir.1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir.1970); *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir.1968) abrogated on other grounds by *United States v. Ortega*, 859 F.2d 327 (5th Cir. 1988); *Womack v. United States*, 395 F.2d 630, 631 (D.C.Cir.1968); *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir.1965). Courts have found extraordinary circumstances in the following situations: 1) when a conflict exists between "state and federal authorities on a question of law involving

concerns of large importance affecting their respective jurisdictions," *Bowen v. Johnston*, 306 U.S. 19, 27, 59 S.Ct. 442, 446 (1939); 2) when the Government is unable to support critical factual representations it has made on the record, *see United States v. Taylor*, 648 F.2d 565, 572 (9th Cir.1981); and/or 3) when ineffective assistance of counsel can only be placed by way of a § 2255 motion, because the ineffectiveness is discovered during the pendency of the appeal, after the time for the new trial has lapsed. *See United States v. Tindle*, 522 F.2d 689, 692–93 (D.C.Cir.1975).

Petitioner has not alleged a claim which would constitute an extraordinary circumstance that would warrant consideration during the pendency of petitioner's appeal. Accordingly, the motion shall be dismissed without prejudice by separate order which follows.

    May 18, 2010                             /s/
Date                                            Catherine C. Blake
                                                         United States District Judge