## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-07-064 |
| | * | |
| DAVID ELLERBY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM</u>

David Ellerby is a federal prisoner who is serving a 20-year sentence for drug trafficking offenses not involving firearms. Now pending is Ellerby's motion for a reduced sentence pursuant to Section 404 of the First Step Act. (ECF 308). The government opposes the motion, (ECF 311), and Ellerby has replied, (ECF 312).[1] For the reasons explained below, the motion will be granted and Ellerby's sentence reduced to time served.

## BACKGROUND

On August 7, 2008, a jury found Ellerby guilty of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (Count One), two counts of possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (Counts Two and Three), one count of possession with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C) (Count Four), and one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(b)(1)(B) (Count Five). Before sentencing, the government filed a notice of two prior felony drug convictions pursuant to 21 U.S.C. § 851. (*See*

---

[1] Defense counsel has also submitted three supplemental letters: the first informed the court of additional authority supporting Ellerby's motion, (ECF 314), the second highlighted concerns about Ellerby's incarceration in light of the COVID-19 pandemic, (ECF 315), and the third alerted the court to a breakout of COVID-19 at USP Atlanta, where Ellerby is currently detained, (ECF 316). The government responded to the two letters regarding COVID-19, outlining the steps the Bureau of Prisons is taking to contain the spread of the virus. (ECF 317).

ECF 110). As a result of the § 851 notices, Ellerby faced a mandatory minimum of life imprisonment on Counts One, Two, and Three.

As set forth in the Presentence Investigation Report ("PSR"), Counts One through Five grouped and carried a base offense level of 21. (Mot. at 3, ECF 308). Ellerby, however, qualified as a career offender under U.S.S.G. § 4B1.1 based on two prior convictions for assault, a prior conviction for robbery, and a prior conviction for possession with intent to distribute cocaine. (*Id.*). Ellerby's resulting offense level was 37 with a criminal history category VI, and his guidelines range was 360 months to life. (*Id.*).

On November 14, 2008, the court sentenced Mr. Ellerby to life as to Counts One, Two, and Three, 360 months as to Count Four, and 360 months as to Count Five, all counts to run concurrent. (ECF 116). The court also imposed a term of 10 years of supervised release as to Counts One, Two, and Three, 6 years as to Count Four, and 8 years as to Count Five, all counts to run concurrent. (*Id.*).[2]

Ellerby appealed his conviction and sentence, (ECF 113), and the Fourth Circuit affirmed, (ECF 139). Thereafter, Ellerby filed numerous post-conviction motions challenging his conviction and sentence. On July 21, 2015, the court ordered an evidentiary hearing on two ineffective assistance of counsel claims raised in Ellerby's § 2255 motion, (ECF 257, 258), and appointed counsel to assist Ellerby in pursuing those claims, (ECF 273).

On June 17, 2016, the parties filed a joint motion for resentencing, (ECF 278), which the court granted, (ECF 279). The parties negotiated an agreement ("the 2016 Agreement") by which the government agreed to withdraw both § 851 motions in exchange for Ellerby's withdrawal of all pending post-conviction motions and waiver of his right to file any future post-conviction

---

[2] Ellerby's co-defendant received a sentence of 144 months, followed by 6 years of supervised release. (ECF 117).

motions. (ECF 287). Pursuant to this agreement, the parties jointly recommended to the court that Ellerby's sentence be reduced to 19 years and 364 days. (*Id*.). The court accepted the parties' agreement, and on October 13, 2016, sentenced Ellerby to 19 years and 364 days (with credit for time served) as to Counts One through Five, all to run concurrent, followed by 5 years of supervised release as to Counts One through Five, also to run concurrent. (ECF 288).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-291, 132 Stat. 5194 (2018). The First Step Act provides, *inter alia*, for broader application of the Fair Sentencing Act of 2010, a law aimed at reducing sentencing disparities between crack and powder cocaine offenses. *See United States v. Wirsing*, 943 F.3d 175, 178 (4th Cir. 2019) (citing Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010)). Pursuant to Section 404 of the First Step Act, a sentencing court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." *Id*. § 404(b), 132 Stat. at 5222 (citation omitted). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id*. § 404(a), 132 Stat. at 5222 (citation omitted).

Ellerby filed the instant motion petitioning the court for further sentence reduction pursuant to the First Step Act. (ECF 308). He contends that because the Fair Sentencing Act changed the mandatory minimum and statutory maximum penalties that apply to Ellerby on Counts One, Two, and Three, the court may impose a reduced sentence on those counts. Pursuant to the sentencing package doctrine, Ellerby argues, the court is also authorized to reduce Ellerby's sentence on Counts Four and Five. Ellerby asks the court to reduce his sentence to 175 months based on (1) the fact that he would not qualify as a career offender today; and (2)

his good conduct over the twelve years in Bureau of Prisons ("BOP") custody.

In response, the government argues that Ellerby's First Step Act motion was filed in violation of the 2016 Agreement. (ECF 311). The government also opposes relief on the merits, noting that the requested sentence is below the amended guidelines range, and that Ellerby's argument pertaining to the career offender designation is inappropriate on a First Step Act Motion.

## ANALYSIS

**I.   The 2016 Agreement**

The court first addresses the government's argument that Ellerby's motion is precluded by the terms of the 2016 Agreement. The government notes that Ellerby "waive[d] his right to file[] any future post-conviction motions," excepting only "motions not related to the substance of his case or his sentence – such as a motion for medical care, motions pertaining to the conditions of confinement, or a motion related to his supervised release following his prison term." (Opp'n at 4, ECF 311). Ellerby counters he could not have waived his rights under the First Step Act, as the statute had not yet been passed when he entered the 2016 Agreement.

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). A defendant, however, can waive only "known right[s]." *United States v. Olano*, 507 U.S. 725, 733 (1993). A right that does not yet exist cannot be waived. *See United States v. McBride*, 826 F.3d 293, 295 (6th Cir. 2016) (defendant did not waive the right to challenge his career offender designation under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because *Johnson* was decided after the defendant signed the plea agreement); *accord United States v. Swerdon*, 207 F. Supp. 3d 525, 533 (M.D. Pa. 2016). Here, when Ellerby entered

the 2016 Agreement, he could not have known that future legislation would enable him to seek

further reduction of his sentence based on statutory changes to the sentencing range. A waiver of

his right to file "any future post-conviction motions," then, could not have been "knowing" with

respect to his rights under the First Step Act. As one district court to consider the issue reasoned,

> In this case, defendant's appeal waiver does not explicitly contemplate a sentence
> reduction pursuant to a statutory change in the sentencing range. Accordingly, I
> agree with defendant that he did not knowingly waive his right to apply for a
> sentence reduction pursuant to the First Step Act.

*United States v. Johnson*, No. CR06-4031-LTS, 2019 WL 3938472, at *10 (N.D. Iowa

Aug. 20, 2019) (citations omitted).[3]

Even if the First Step Act *had* existed at the time of the 2016 Agreement, it is not clear

that Ellerby's waiver of "his right to file[] any future post-conviction motions," encompasses

motions for sentence reduction based on statutory changes to the sentencing range. While no

Court of Appeals has yet addressed the question of whether a First Step Act motion falls within

the scope of a broadly worded waiver of the right to file post-conviction motions, the court finds

instructive several cases addressing whether such a waiver prohibits motions for sentence

reduction filed pursuant to 18 U.S.C. § 3582(c). In *United States v. Chavez-Salais*, the Tenth

Circuit held that a defendant's agreement to "waive[] his right to challenge his sentence or the

manner in which it was determined in *any collateral attack*" did not include "his right to bring a

later motion to modify his sentence under 18 U.S.C. § 3582(c)(2)." 337 F.3d 1170, 1172–73

(10th Cir. 2003) (emphasis in original). The Tenth Circuit reasoned that a "motion under §

3582(c)(2) does not so much challenge the original sentence as it seeks a modification of that

sentence based upon an amendment to the Guidelines," and that, accordingly, the plea agreement

did not "clearly reach" such a motion. *Id.* at 1173. In *United States v. Woods*, the Seventh Circuit

---

[3] Unpublished opinions are cited for the soundness of their reasoning, rather than for any precedential value.

reached a similar result where the defendant "agree[d] not to contest my sentence or the manner in which it was determined in any post-conviction proceeding." *See* 581 F.3d 531, 533 (7th Cir. 2009), *abrogated on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015). The Seventh Circuit held that the waiver did not bar a defendant from appealing a district court's denial of his § 3582(c)(2) motion, noting that the language of the waiver did not "demonstrate that the defendants contemplated waiving their right to appeal the denials of the sentence-reduction motions based on subsequent changes to the guidelines." *Woods*, 581 F.3d at 536; *see also United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009) ("We echo the Seventh Circuit's observation that § 3582(c)(2) motions 'do not contest' but rather 'bring to the court's attention changes in the guidelines that allow for a sentence reduction.'").

Ellerby's non-waiver argument is even stronger than the defendants' in *Chavez-Salais, Woods,* and *Cooley*. Not only does the 2016 Agreement not clearly include motions for sentence reductions based on a statutory change to the sentencing range, but the statute under which Ellerby brings his motion—the First Step Act—did not exist at the time he entered the agreement. Based on the above considerations, and mindful that a waiver agreement "should be interpreted narrowly against the government," *see Cooley*, 590 F.3d at 296; *cf. United States v. Yooho Weon*, 722 F.3d 583, 588 (4th Cir. 2013), the court finds that the 2016 Agreement does not bar Ellerby's First Step Act motion.

## II.   Reduction under the First Step Act

As explained above, Section 404 of the First Step Act authorizes a sentencing court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act of 2018 § 404(b), 132 Stat. at 5222 (citation omitted). Here, Counts Two and Three—possession with intent to distribute 50

grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)—qualify as "covered offenses." *See United States v. Gravatt*, 953 F.3d 258, 263 (4th Cir. 2020). The fact that Ellerby's sentence also involves non-covered offenses does not impact his eligibility for First Step Act relief. *See id*. at 264 ("If Congress intended for the Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language. But it did not."). Ellerby is thus eligible for a reduced sentence on all counts of conviction.[4]

Eligibility for First Step Act relief, however, does not guarantee relief. In determining whether to exercise its discretion to impose a reduced sentence, the court considers the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Chambers*, --- F.3d ----, 2020 WL 1949249, at *6 (4th Cir. Apr. 23, 2020); *see also United States v. Watts,* No. CR PJM 06-036-1, 2020 WL 586811, at *3 (D. Md. Feb. 6, 2020) (collecting cases). Here, the court places particular emphasis on Ellerby's post-sentencing conduct, which "provides the most up-to-date picture of [his] 'history and characteristics.'" *See Pepper v. United* States, 562 U.S. 476, 492 (2011) (citing 18 U.S.C. § 3553(a)(1)). Ellerby has spent over 12 years in BOP custody and has a negligible disciplinary record. (See ECF 308-2 (BOP Disciplinary Record)). He has participated in extensive rehabilitative, educational, and vocational programming, including drug education and nonresidential drug treatment. (*See* 308-1 (BOP Progress Report)). Ellerby has maintained strong ties with his family, including with his children. (*See* ECF 308-3 (Letter from Nik'ko Ellerby); ECF 312-1 (Letter from Da' Shawna Ellerby); ECF 312-2 (Letter from Tychic Ellerby)). Ellerby also remains close with his sister, who has offered him a place to live once he is released. (*See*

---

[4] The fact that Ellerby's sentence was previously reduced pursuant to the 2016 Agreement does not disqualify Ellerby from seeking First Step Act relief. Where a defendant is otherwise eligible, § 404(c) limits a court from entertaining a motion for further reduction only where (1) "the sentence was previously imposed or previously reduced *in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010*," or (2) "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *See* First Step Act of 2018 § 404(c), 132 Stat. at 5222 (emphasis added). Neither exception applies here.

ECF 308-4 (Letter from Sharonda Ellerby)).

The government does not dispute Ellerby's positive post-sentencing conduct, but does argue that the court is not authorized to reconsider the career offender designation on a First Step Act motion. The court need not, however, reevaluate whether Ellerby qualifies as a career offender in order to impose a reduced sentence. In a recent decision, the Fourth Circuit vacated and remanded a district court's denial of a defendant's First Step Act motion where "the record . . . strongly suggest[ed] that the district court did not believe that it had authority either to vary from the Guidelines or to consider [] mitigating evidence." *Chambers*, 2020 WL 1949249, at *7. The *Chambers* court held that "[t]o the extent that the district court in this case believed it either could not vary or could not consider post-sentencing conduct under the § 3553(a) factors, it erred." *Id.*; *see also Watts*, 2020 WL 586811, at *3 ("[T]he Court may further reduce Watts's sentence, including to a below-guidelines sentence.").

Leaving the career offender designation in place, the parties agree that Ellerby's amended guideline range is 262 to 327 months. (Mot. at 10; Opp'n at 4 n.3). This is, of course, significantly lower than the guideline range at his original sentencing (360 months to life), and Ellerby is no longer subject to a mandatory minimum of life based on the § 851 notices (which the government withdrew as part of the 2016 Agreement). But the court believes the balance of the § 3553(a) factors weighs in favor of departing below the career offender guidelines range. Ellerby qualified as a career offender based on several prior convictions from when he was in his teens and early twenties (two second-degree assaults, one robbery, and one possession with intent to distribute cocaine), and while the court does not minimize the severity of these crimes, Ellerby is now in his late forties and has demonstrated a commitment to lawful behavior during his more than a decade at the BOP. Moreover, the sentence that Ellerby is currently serving

pursuant to the 2016 Agreement (20 years) is below the guidelines range, suggesting that the government does not believe a sentence driven by Ellerby's career offender designation is necessary here.

The court acknowledges that the drug trafficking offenses for which Ellerby is currently serving his sentence were serious. But the court believes that the more than 12 years Ellerby has already served adequately reflects the seriousness of his conduct and recognizes the need for deterrence, public safety, and respect for the law. Moreover, although Ellerby's requested sentence of 175 months is below the career offender guideline range, it is at the top of the non-career offender guideline range (140–175 months), suggesting that Congress deems a sentence of 175 months appropriate for the conduct on which Ellerby was convicted.

Based on the above considerations, and in light of the principle that a sentence should be "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), the court finds that the § 3553(a) factors weigh in favor of imposing a reduced sentence. While the court believes that 175 months is an appropriate sentence, it also notes that Ellerby's current release date is in June 2024, (Mot. at 5), and that with a reduction to 175 months, he would be eligible for immediate release. For simplicity, and in light of the COVID-19 pandemic, the court will thus impose a sentence of time served as to Counts One through Five. The court will, however, leave in place Ellerby's five-year term of supervised release as additional protection for the public.

## CONCLUSION

For the foregoing reasons, Ellerby's First Step Act motion for imposition of a reduced sentence will be granted. Ellerby will be sentenced to time served as to Counts One through Five. Additionally, a five-year term of supervised release will be imposed as to Counts One through Five, all to run concurrent. The terms and conditions of supervised release to which Ellerby was

originally sentenced will remain in place, with the added condition that for the first fourteen days

after his return to Maryland, Ellerby will not leave the address approved by the U.S. Probation

Office except, with the prior approval of the Probation Office, for medical or other emergencies.

In addition, he will be required to comply with all directives of federal, state, and local

governments related to public health issues, including COVID-19. A separate order follows.


_____5/12/20_____                                    _____/S/_____
Date                                                                    Catherine C. Blake
                                                                         United States District Judge