IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-07-064 |
| | * | |
| DAVID ELLERBY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**<u>MEMORANDUM</u>**

On May 12, 2020, the court granted David Ellerby's motion for a reduced sentence pursuant to Section 404 of the First Step Act. (ECF 319, 320). Ellerby was released from federal custody shortly thereafter. Now pending are the government's motions for a stay of judgment (ECF 321), and for reconsideration and resentencing, (ECF 322). The motions are fully briefed, and no hearing is necessary.[1] For the reasons explained below, both motions will be denied.

**BACKGROUND**

The facts and procedural history of Ellerby's case are more fully set out in the court's May 12, 2020, Memorandum, (ECF 319), and the court here recites only the minimum facts necessary to decide the present motions.

Ellerby was sentenced in 2008 to life in prison for selling crack cocaine. In 2016, pursuant to an agreement with the government whereby Ellerby waived his right to file any future post-conviction motions (except those "not related to the substance of his case or his sentence"), Ellerby's sentence was reduced to twenty years (the "2016 Agreement"). (ECF 287). In 2019, Ellerby filed a motion for a reduced sentence under Section 404 of the First Step Act of

---

[1] Ellerby also filed a motion for leave to file a surreply. (ECF 330). The motion will be granted and the attached proposed surreply (ECF 330-1) will be considered. Nevertheless, the issue addressed in the surreply is the government's assertion that Ellerby recently "threatened the life of a person whom he believed had aggrieved him in the past." (ECF 329 at 4). While any new allegations against Ellerby are outside the scope of the present motions, the court notes his vigorous denial of the allegation.

1

2018. (ECF 308). The government opposed the motion, arguing in part that Ellerby's filing of a First Step Act motion violated the 2016 Agreement. After subsequent correspondence was filed in March and April 2020, the court ultimately found that (1) the 2016 Agreement did not encompass First Step Act motions; (2) Ellerby was eligible for First Step Act relief; and (3) the factors set forth in 18 U.S.C. § 3553(a) weighed in favor of imposing a reduced sentence of time served.

On May 12, 2020, the court ordered Ellerby's sentence reduced to a total of time served. At the time, Ellerby was being housed at a federal facility that was experiencing an outbreak of COVID-19. The next day, the government filed a motion to stay the judgment for 30 days, effectively asking the court to authorize Ellerby's continued incarceration pending the government's filing of a motion for reconsideration. (ECF 321). Nowhere in the opposition to Ellerby's First Step Act motion, (ECF 311), nor in the later correspondence in response to the emergency motion, (ECF 317), did the government ask for a delay of the effective date of any decision in Ellerby's favor on the basis that it might seek a stay pending reconsideration. The court had no opportunity to rule on the motion to stay—to which Ellerby had not yet responded—before Ellerby was released.

On May 26, 2020, the government filed a motion for reconsideration of the court's decision to impose a reduced sentence. (ECF 322). The government argues that the court's conclusion regarding the inapplicability of the 2016 Agreement to Ellerby's First Step Act motion is in conflict with three Fourth Circuit cases—*United States v. Blick*, 408 F.3d 162 (4th Cir. 2005), *United States v. Archie*, 771 F.3d 217 (4th Cir. 2014), and *United States v. Cornette*, 932 F.3d. 204 (4th Cir. 2019)—none of which were cited in the government's opposition to the First Step Act motion. As relief, the government asks that the court resentence Ellerby and

impose a sentence between 20 and 25 years.

## ANALYSIS

The crux of this dispute is whether Ellerby, by the 2016 Agreement, waived his right to file a motion for a reduced sentence under Section 404 of the First Step Act. This issue was previously briefed by the parties; the government opposed Ellerby's First Step Act motion largely on the basis that the 2016 Agreement precluded the motion. (*See* ECF 311). In the May 12, 2020, Memorandum, the court resolved this issue in Ellerby's favor. First, the court noted that a defendant can waive only "known right[s]." *United States v. Olano*, 507 U.S. 725, 733 (1993). When Ellerby entered the 2016 Agreement, he could not have known that future legislation would enable him to seek further reduction of his sentence based on statutory changes to the sentencing range. Second, even if the First Step Act *had* existed at the time of the 2016 Agreement, the court was not persuaded that the broadly worded waiver encompassed this type of First Step Act motion. While no Court of Appeals has yet addressed the question, the court analyzed cases from the Tenth, Seventh, and Fifth Circuits, where the courts found that broadly worded waivers of the right to file post-conviction motions did not encompass motions filed pursuant to 18 U.S.C. § 3582(c)(2), which authorizes sentence reductions when a sentencing range has been lowered by the Sentencing Commission. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1172–73 (10th Cir. 2003) (defendant's waiver of right to challenge sentence in "any collateral attack" did not include "his right to bring a later motion to modify his sentence under 18 U.S.C. § 3582(c)(2)"); *United States v. Woods*, 581 F.3d 531, 533, 536 (7th Cir. 2009), *abrogated on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015) (similar); *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009) (similar). Mindful that a waiver agreement "should be interpreted narrowly against the government," *see Cooley*, 590 F.3d at

297; *cf. United States v. Yooho Weon*, 722 F.3d 583, 588 (4th Cir. 2013), the court found that the 2016 Agreement did not preclude Ellerby's First Step Act motion.

The government claims that the court's conclusion conflicts with the Fourth Circuit cases *Blick*, *Archie*, and *Cornette*. The court disagrees. In *Blick*, the defendant waived the right "to appeal . . . any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined)[.]" 408 F.3d at 165. On appeal, the defendant argued that he was entitled to resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005) (declaring the federal sentencing guidelines advisory rather than mandatory), which was decided after his sentencing. *Id*. at 164. The Fourth Circuit held that the appeal waiver barred the argument, explaining that the defendant's *Booker* argument was a challenge to "the manner in which [his] sentence was determined," which was expressly prohibited by the waiver. *Id*. at 170. In *Archie*, the Fourth Circuit summarized its holding in *Blick* as follows: "We concluded Blick's claim was within the scope of his valid appeal waiver because, '[a]lthough the law changed after Blick pled guilty, his expectations (as reflected in the plea agreement) did not.'" *Archie*, 771 F.3d at 222 (quoting *Blick*, 408 F.3d at 173)). Applying the reasoning of *Blick*, the *Archie* court held that a defendant's argument under *Alleyne v. United States*, 570 U.S. 99 (2013),[2] decided after the defendant's sentencing, was similarly barred by the appeal waiver. *Archie*, 771 F.3d at 222 ("Archie's assertion that he is entitled to the benefit of *Alleyne* on appeal is indistinguishable from the appellant's argument in *Blick*."). And in *Cornette*, the Fourth Circuit held that the defendant's appeal waiver did *not* bar his argument "that by imposing a sentence under the now unconstitutional residual clause of the [Armed Career Criminal Act], the district court exceeded its statutory authority to sentence him." *See* 932 F.3d at 208–09. In so holding, the *Cornette* court

---

[2] In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum [sentence for a crime] is an 'element' that must be submitted to the jury." 570 U.S. at 103.

4

explained:

> To be clear, this does not mean that a subsequent change in sentencing law renders an otherwise valid appeal waiver invalid. Our own precedent establishes that when a sentencing law undergoes a non-retroactive change, a defendant who waived his right to appeal a sentence imposed under the old regime remains bound by that waiver even if resentencing under the new regime might otherwise entitle him to new rights or subject him to different penalties.

*Id*. at 210 (4th Cir. 2019) (distinguishing *Blick* and *Archie*).

The government's invocation of *Blick*, *Archie*, and *Cornette* ignores a fundamental difference between those cases and this one. Ellerby's First Step Act motion was not an attack on his sentence nor an argument that he was entitled to a new one. Indeed, a Section 404 First Step Act motion is not an "appeal," nor is it a "post-conviction motion" in the traditional sense. *See United States v. Jones*, No. JKB-96-0399, ECF No. 623 at 5 (D. Md. Feb. 24, 2020) (a Section 404 First Step Act motion is "not collateral review"); *cf. Woods*, 581 F.3d at 537 (the "conventional understanding of the term 'post-conviction proceeding'" does not encompass § 3582(c)(2) motions, which do not challenge the substance of a sentence or conviction).[3] Like § 3582(c)(2) motions, a motion for a reduced sentence under Section 404 of the First Step Act is not a collateral attack; it requests that the court, in its newly-afforded discretion, impose a reduced sentence.

Section 404 First Step Act motions can also be analogized to motions brought pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release statute"), which also was amended as part of the First Step Act. In *United States v. Burrill*, the defendant waived, as part of his plea agreement, the right to seek relief under section 3582. --- F. Supp. 3d ----, 2020 WL 1846788, at *2 (N.D. Cal. Apr. 10, 2020). The district court found that because "[t]he First Step Act, passed

---

[3] The government's argument that all motions filed after Ellerby's conviction constitute post-conviction motions barred by the 2016 Agreement is unpersuasive, especially since the 2016 Agreement specifically excepted "motions not related to the substance of his case or his sentence." (*See* ECF 287).

more than a year later, for the first time allowed section 3582 sentence reductions upon a defendant's motion," the waiver did not encompass his right to petition the court for compassionate release, "as he could not have 'knowingly waived rights that were not in existence, or even contemplated, at the time of his plea.'" *Id*. (quoting *United States v. Rodriguez*, --- F.Supp.3d ----, 2019 WL 6311388, at *6 n.4 (N.D. Cal. Nov. 25, 2019)).[4] Ellerby's case is even stronger than the defendant's in *Burrill*. Not only did Section 404 of the First Step Act—which, like the amended compassionate release statute, provides a new vehicle for sentence reductions—not exist when Ellerby entered into the 2016 Agreement, but also, for the reasons explained above, it is not clear that a Section 404 First Step Act motion constitutes a "post-conviction motion" within the meaning of the 2016 Agreement.[5]

In relying on the *Blick* line of cases, the government also ignores those cases' emphasis on non-retroactivity, which further distinguish them from this one. As the Fourth Circuit explained in *Cornette*, "when a sentencing law undergoes a *non-retroactive change*, a defendant who waived his right to appeal a sentence imposed under the old regime remains bound by that waiver." 932 F.3d at 210 (emphasis added). Based on the Fourth Circuit's own summary of its precedent, then, it is not clear that the reasoning of *Blick* and *Archie* applies to motions brought pursuant to Section 404 of the First Step Act, which gives retroactive effect to the provisions of

---

[4] At least one district court has found that the right to petition for compassionate release may not be waived at all. In *United States v. Osorto*, the court found that such waivers "undermine[] Congress's intent in passing the First Step Act" and are "inhumane." --- F. Supp. 3d ---, 2020 WL 2323038, at *3 (N.D. Cal. May 11, 2020)

[5] The government cites to three cases for the proposition that an appeal waiver covers a defendant's arguments "regarding the First Step Act." (ECF 329 at 6). None of those cases, however involve subsequent Section 404 First Step Act motions, and are thus inapplicable. *See United States v. Smith*, --- F. 3d ----, 2020 WL 3026546, at *2 (6th Cir. June 5, 2020) (defendant's argument that the First Step Act's narrowing of the definition of "serious" drug felonies applied to his 21 U.S.C. § 841(b)(1)(C) sentencing enhancement was barred by appeal waiver); *United States v. Collins-Abbott*, No. 19-1012, 2020 WL 2988697, at *1 (8th Cir. June 4, 2020) (defendant's argument that the First Step Act impacted his convictions for Hobbs Act robbery and a firearm offense was barred by appeal waiver); *United States v. Hamilton*, 770 F. App'x 1003, 1004–05 (11th Cir. 2019) (defendant's argument that the First Step Act's amendment to 18 U.S.C. § 3553(f) should relieve him from the applicability of the mandatory minimum was barred by appeal waiver).

6

the Fair Sentencing Act that reduced the disparity between crack and powder cocaine sentences. *United States v. Chambers*, 956 F.3d 667, 671–72 (4th Cir. 2020).

Because *Blick*, *Archie*, and *Cornette* do not conflict with the court's May 12, 2020, Memorandum and Order, the court will not reconsider its decision to reduce Ellerby's sentence pursuant to Section 404 of the First Step Act on that ground.[6] Moreover, nowhere in its initial response in opposition to Ellerby's motion, (ECF 311), nor in its more recent correspondence in opposition to the emergency motion, (ECF 317), did the government address the factors under 18 U.S.C. § 3553(a). The government also does not address them now, though it does discuss Ellerby's criminal history in its Reply to the motion for reconsideration. (ECF 329 at 2, 4). Likewise, nowhere in the initial response to Ellerby's motion nor in the correspondence did the government ask for a delay in the effective date of any order granting First Step Act relief on the basis that it might seek a stay pending reconsideration. The court is not moved to change its prior decision to reduce Ellerby's sentence on the basis of these new arguments from the government, none of which—even had they been timely raised—persuade the court that its decision was incorrect.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration and resentencing will be denied. The motion to stay will be denied as moot. A separate order follows.

07/09/2020

Date

/s/

Catherine C. Blake
United States District Judge

---

[6] The court is also not persuaded by government's argument, raised for the first time in the Reply to the motion for reconsideration, that certain arguments raised in Ellerby's First Step Act motion are also precluded by the 2016 Agreement. (ECF 329 at 10). In a section of the motion addressing the § 3553(a) factors, Ellerby argued that he would no longer be considered a career offender if sentenced today, and also stressed his good conduct over 12 years in the Bureau of Prisons. As the court found that the 2016 Agreement did not bar Ellerby's motion, and the Fourth Circuit has held that "the § 3553(a) factors apply in the § 404(b) context," *Chambers*, 956 F.3d at 675, it was not improper for Ellerby to raise these arguments.